IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIEL KAMETANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:17-cv-00398-GBL-MSN |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT & RECOMMENDATIONS

This matter is before the Court on Plaintiff Daniel Kametani's Motion for Default Judgment (Dkt. No. 11), pursuant to which Plaintiff seeks an order transferring to Plaintiff control of the domain names <jye.com>, <fsq.com>, <qgg.com>, <qju.com>, <vzv.com>, and <qqp.com> ("Defendant Domain Names"). Having reviewed the record, the undersigned makes the following findings and recommends entering default judgment in Plaintiff's favor.

### I.    Background

On March 31, 2017, Plaintiff Daniel Kametani filed a verified complaint for injunctive relief under the Anticybersquating Consumer Protection Act ("ACPA"),[1] 15 U.S.C. § 1125(d), against Defendant John Doe and Defendant Domain Names. Compl. 1-2 (Dkt. No. 1). Plaintiff alleges that he is in the business of domain monetization, collects domain names to make money from internet traffic, and has owned Defendant Domain Names, worth at least $120,000, since 2000. *Id.* ¶¶ 30-32. Defendant John Doe's address is in Panama and Defendant Domain Names are registered through Verisign, Inc. in Virginia. *Id.* ¶¶ 5, 7, 9, 11, 13, 15, 17, 19. Plaintiff

---

[1] Plaintiff also brought a number of other claims against "John Doe" individually which are not before the Court on the present Motion, and which Plaintiff requests be dismissed without prejudice should the Court grant his Motion. *See* Pl.'s Mot. for Default J. 2 (Dkt. No. 11); Mem. in Supp. 3 (Dkt. No. 12).

alleges that on February 2, 2017, Defendant Doe accessed Plaintiff's protected e-mail without authorization to transfer control of Defendant Domain Names from Plaintiff's account. *Id.* ¶¶ 2, 32. As a result, Plaintiff alleges that he cannot access and control Defendant Domain Names, resulting in the loss of business and business opportunities. *Id.* ¶¶ 51-52.

Seeking to proceed *in rem* against Defendant Domain Names pursuant to the ACPA, Plaintiff obtained an order from the Court granting Plaintiff leave to serve process by e-mail and publication. *See* Order (Dkt. No. 7). Plaintiff certified his compliance with that order on April 19, 2017, by filing proof of publication. *See* Notice (Dkt. No. 8); *see also* Mot. for Leave to Serve Process by E-mail & Publication (Dkt. No. 3); Mem. in Supp. (Dkt. No. 4). When no interested party responded, the Clerk of the Court entered default as to Defendant Domain Names on May 9, 2017. *See* Clerk's Entry of Default (Dkt. No. 10). That same day, Plaintiff filed the instant Motion for Default Judgment. *See* Dkt. No. 11. No defendant appeared at the May 19, 2017 hearing held on the Motion, and the undersigned took the matter under advisement.

## II. Jurisdiction and Venue

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because it involves a federal question arising under the ACPA, 15 U.S.C. § 1125(d). The Court has *in rem* jurisdiction over Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) because Plaintiff alleges infringement of his trademark rights, Plaintiff has been unable to determine the identity of Defendant Domain Names' registrant(s), and Verisign—the registry of Defendant Domain Names—is located in this District. *See* Compl. ¶ 5 (Dkt. No. 1). Venue is proper under 15 U.S.C. § 1125(d)(2)(C) due to Verisign's presence in this District.

## III. Service of Process

A plaintiff bringing an *in rem* action under the ACPA may serve process by 1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant, and 2) publishing notice of the action as directed by the court. 15 U.S.C. § 1125(d)(2)(A)(ii). Plaintiff obtained leave of the Court to proceed in this manner, *see* Order (Dkt. No. 7), and has certified that he complied with these procedural requirements. *See* Notice (Dkt. No. 8); *see also* Mot. for Leave to Serve Process by E-mail & Publication (Dkt. No. 3); Mem. in Supp. (Dkt. No. 4). Plaintiff has therefore adequately served process pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii) as to Defendant Domain Names.

## IV. Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Here, as no defendant has answered or otherwise timely responded, the well-pled allegations of fact in the Complaint are deemed admitted.

## V. Discussion and Findings

A plaintiff bringing an *in rem* action under the ACPA against a domain name must demonstrate that the domain name in question infringes the plaintiff's trademark. *See* 15 U.S.C.

§ 1125(d)(1)(A); *see also id*. § 1125(d)(2)(A)(i). This requirement can be satisfied by infringement of a plaintiff's common law right in an unregistered trademark. *See id*. § 1125(d)(2)(A)(i); *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Plaintiff sufficiently alleges that he possesses common law trademark rights in Defendant Domain Names. Among other things, Plaintiff alleges that he "has used each of the Defendant Domain Names in commerce since their acquisition [in 2000] and has common law rights in the names," and that Defendant Domain Names are "extremely valuable and "their loss has deprived the Plaintiff of both the income generated by the domain names as well as the ability to sell the domain names." Compl. ¶¶ 30, 32, 33 (Dkt. No. 1). While Plaintiff's allegation that he has developed "common law rights" in the domain name, *see, e.g., id*. ¶ 33, is a legal rather than a factual contention and so need not be accepted as true for purposes of the instant Motion, Plaintiff has pled facts to support that finding. Accordingly, "Plaintiff's registration of the . . . [Defendant Domain Names] and use of [them] in business since that registration establishes [his] common law rights in the marks." *Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Having established that Plaintiff possesses trademark rights that bring this case within the ACPA's ambit, the next question "is whether [the domain name's current registrant] . . . registered, trafficked in, or used a domain name . . . that is identical or confusingly similar to" Plaintiff's trademark. *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 270 (4th Cir. 2001); 15 U.S.C. § 1125(d)(1)(A)(ii). There can be little doubt that such is the case here. Defendant Domain Names are not merely similar to Plaintiff's common law trademark, but are Plaintiff's own domain names re-registered by another individual. *See* Compl. ¶¶ 35-38, 27 (Dkt. No. 1); *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *5.

Finally, the ACPA requires—at least under some circumstances—a showing of bad faith

on the part of an infringing domain name's registrant. *See* 15 U.S.C. § 1125(d)(1)(A)(ii). Decisions by this Court and the Fourth Circuit have called into question whether a showing of bad faith is required in an *in rem* action such as this. *See, e.g.*, *Globalsantafe Corp. v. Globalsantafe.Com*, 250 F. Supp. 2d 610, 616 (E.D. Va. 2003) ("a showing of bad faith is not required in an *in rem* trademark infringement action under the ACPA"); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 228-31 (4th Cir. 2002). Regardless, the circumstances of this case, in which an unknown individual hacked into Plaintiff's e-mail system and misappropriated Defendant Domain Names to which he or she has no legal right, dictate a finding of bad faith as a matter of common sense. Moreover, Plaintiff pleads facts regarding actions taken by the current registrant of Defendant Domain Names that demonstrate bad faith pursuant to the factors enumerated in 15 U.S.C. § 1125(d)(1)(B)(i). *See* Compl. ¶¶ 35-38 (Dkt. No. 1).

In light of the above, Plaintiff has established that he is entitled to relief under the ACPA. Remedies in an *in rem* action under the ACPA are limited to "forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Plaintiff requests the latter, seeking an order directing Verisign to transfer Defendant Domain Names back to Plaintiff's control. *See* Mem. in Supp. 1-2 (Dkt. No. 12). Plaintiff also asks that the Court dismiss his remaining claims without prejudice. *See id*. at 3. In light of the foregoing, Plaintiff is entitled to the requested order.

## VI. Recommendations

In sum, the undersigned recommends:

1) Entering default judgment in Plaintiff's favor as to Plaintiff's claim under the ACPA against Defendant Domain Names <jye.com>, <fsq.com>, <qgg.com>, <qju.com>, <vzv.com>, and <qqp.com>;

2) Dismissing the remainder of Plaintiff's claims without prejudice; and

3) Issuing an order including the following language specified by Plaintiff in his Motion directing Verisign to return control of the domain names to Plaintiff:

> It is hereby Ordered, as further relief in this matter, that the Registry of Record, being Verisign or some other Registry, shall promptly change the registrar for the domain names <jye.com>, <fsq.com>, <qgg.com>, <qju.com>, <vzv.com>, and <qqp.com> as directed by Plaintiff's Counsel; and it is further
>
> Ordered that the registrar of <jye.com>, <fsq.com>, <qgg.com>, <qju.com>, <vzv.com>, and <qqp.com> shall place the referenced domain names in the account as directed by the Plaintiff's Counsel.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendations to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendations must be filed within fourteen (14) days of service on you of this Report and Recommendations. Failure to file timely objections to this Report and Recommendations waives appellate review of the substance of the Report and Recommendations and waives appellate review of a judgment based on this Report and Recommendations.

/s/<br>
Michael S. Nachmanoff<br>
United States Magistrate Judge

May 23, 2017
Alexandria, Virginia